Johnson, Ch. J.
The first question which this case presents arises upon the decision that the plaintiff was not bound, at the call of the defendants, to produce certain letters which had been proved by a witness on the part of the plaintiff, on an examination de bene esse. The letters were marked with the word “ Exhibit,” and with some other distinctive sign, and are thus referred to in the testimony of the witness. By statute (2 R. S., 393, § 9), such a deposition is to have the same effect, and no other, as the oral testimony of the witness would have if given on the trial. It is of constant occurrence upon trials that a witness proves the execution of a paper put into his hands for that purpose, and that the paper is not given in evidence, unless the party who produced it thinks fit to use *12 it. His right to refrain from using it under such circumstances is well settled. The paper does not become evidence in the cause by the mere proof of its execution. Until it has been read in evidence, it remains under the control of the party to whom it belongs. This is, in fact, what was done in * the present case. The papers were produced and their genuineness proved by the witness, and the marking was made for the purpose of readily identifying the particular paper. That did not make them n part of the evidence in the case; until they were read in evidence, the other party acquired no right over them. If he desired and was entitled to the benefit of them as evidence, he should have procured a discovery of them, or been prepared to give parol evidence of their contents on their not being produced.
Upon the merits of the case, I am, however, of opinion that it was a failure in duty on the part of the plaintiff, not to communicate to the defendants the proposition of Bequer, made to him as agent of the defendants. It is true that before the receipt by him, in Hew York, of Bequer’s letters of June 18 and 26th, his actual continuance in the defendants’ employment had ceased; but the negotiation was commenced while he was in their employment, and when he left Cuba it remained the subject of an open correspondence. If he desired to take no further care of their business on his arrival at Hew York, it was his plain duty to have communicated to them the fact that such a correspondence existed, and when in Hew York he received Bequer’s letter of the 18th of June, with which, except as agent of the defendants, he had no concern, he should have transmitted it or communicated its contents to them. To that extent, at least, he had a duty unperformed which he remained bound to perform though his actual agency was at an end. The letter, though nominally addressed to him, was in fact addressed to them, and they should have been afforded the opportunity of exercising their own judgment on the proposition it contained. It is no excuse for him that he inferred from conversation with their foreman, that they could not perform the work in time. He was not Bequer’s agent, and *13 was not called upon to exercise any judgment or discretion upon the subject. It was, therefore, an error on the part of the referee to admit the evidence on the subject of that conversation, for which a new trial must be granted.
All the judges concurred in respect to the point first discussed by the Chief Judge; in respect to that secondly discussed by him, Comstock, Selden and Allen, Js., dissented, and were for affirming the judgment.
Judgment reversed, and new trial ordered.